CASE 31—PETITION EQUITY—OCTOBER 7.

# McDormant v. Lou., Cin. & Lex. R. R. Co.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

1. JURISDICTION IN SUITS TO ENFORCE JUDGMENTS.—The provisions of section 474 of the Civil Code show that actions to enforce the satisfaction of judgments were not intended to be governed by the rules by which the jurisdiction of actions in general is to be determined. Such actions are local to the extent that they may be instituted in the court from which the execution issued or in the court of the county in which the defendant may reside, and they are transitory to the extent that they may be instituted in any county in which the defendant can be served with process.

2. Neither the amendment of January 8, 1874, to section 77 of the Civil Code, nor that of February 26, 1870, to section 103, can be construed to enlarge the operation of section 474, so as to confer jurisdiction under it where it did not theretofore exist.

3. A SUIT TO ENFORCE A JUDGMENT AGAINST A RAILROAD CORPORATION created by the laws of this state, if not brought in the county whence the execution issued, must be brought either in the county in which it has its principal office or place of business, or in the county in which its president or chief officer resides.

     *The Franklin Circuit Court has no jurisdiction* of an action to enforce a judgment rendered by the Trimble Circuit Court against a railroad company, the principal office and place of business, and residence of the president of said corporation, being in Jefferson County.

G. W. CRADDOCK, . : . . . . . . . For Appellant,

CITED

Civil Code, secs. 474, 103, 93, 94.

Act of January 8, 1874, Session Acts, p. 8.

Act of February 26, 1870, Session Acts 1869–70, p. 27.

T. N. & D. W. LINDSEY, . . . . . . For Appellee,

CITED

Civil Code, sections 474, 77, 101.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

By section 474 of the Civil Code of Practice, an action to enforce the satisfaction of a judgment is authorized to be instituted in the court from which the execution returned "no property found" was issued, or in the court of the county in which the defendant resides or is summoned.

The execution in this case was issued from the Trimble Circuit Court. The action to enforce the satisfaction of the judgment was instituted in the Franklin Circuit Court.

The chief office and place of business of the railroad company is in Louisville; and Jefferson County may be regarded as its legal place of residence, if it can be said in strictness to have one. Its president and chief officer also resided, when the action was commenced, in said city of Louisville.

The summons was executed upon the freight and passenger agent stationed in Frankfort.

The jurisdiction of the Franklin Circuit Court depends upon whether, for the purposes of this action, this was a legal service of process upon the company.

Section 77 of the Civil Code, as amended by the act of the 8th of January, 1874 (vol. 1, p. 8, Sess. Acts 1873–4), reads as follows:

" Where the defendant is a corporation created by the laws of this state, the service of the summons may be upon the president, mayor, chairman of the board of trustees, or other chief officer, or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent, or if it is a municipal corporation, upon its marshal, or if it be an incorporated library company, upon its librarian; or if the defendant is a railroad company, the service of the summons may be upon the passenger or freight agent of the com-

pany stationed at or nearest the county seat of the county in which the action is or may be pending."

Sections 101, 102, and 103 prescribe the counties in which actions against corporations may be brought. Ordinarily, they must be brought in the county in which the corporation is situated, or has its principal place of business, or in which its chief officer resides, but actions against railroad companies and owners of mail stages and other coaches, for injuries to person or property upon the road or line of stages of the defendant, or upon a liability as a carrier, may be brought in any county through or into which the road or line of stages or coaches of the defendant, upon which the cause of action arose, passes. This action does not fall within either of the classes of actions specially named in section 102. But our attention is particularly called to the provisions of section 103, as amended by the act of February 26, 1870 (Sess. Acts 1869–70, p. 27). This section provides that "an action other than one of those mentioned in sections 93 and 94, against a turnpike-road company, may be brought in any county in which any part of the road of the defendant lies." The amendment provides "that section 103 of the Civil Code of Practice be and the same is so amended as to apply to all railroad companies in this commonwealth."

Sections 102 and 103, and the amendments noticed, place certain enumerated actions against certain corporations upon the footing of. *quasi* local actions, and the jurisdiction of the local courts is not made to depend necessarily upon the ability of the plaintiff to obtain the service. of summons in the county in which the proceeding may be pending.

The provisions of section 474 show that actions to enforce the satisfaction of judgments were not intended to be governed by the rules by which the jurisdiction of actions in general is to be determined. Such actions are local, to the extent that they may be instituted in the court from which the exe-

cution issued, or in the court of the county in which the defendant may reside, and they are transitory to the extent that they may be instituted in any county in which the defendant can be served with process. As the execution in this case did not issue from the Franklin Circuit Court, and as the defendant does not reside in Franklin County, the important question is, as we have already stated, has it been legally summoned in Franklin County?

The amendment of January 8, 1874, to section 77 was not intended to confer jurisdiction where it did not theretofore exist, but to increase the number of officers or agents upon whom process might be executed in actions against corporations instituted in courts theretofore possessing jurisdiction.

If the amendment of February 26, 1870, to section 103 be construed to apply to actions for the satisfaction of judgments, and be by implication made to confer jurisdiction upon courts not embraced by section 474, it will result that such actions, when the judgment is against a railroad or turnpike-road company, may be instituted in any county through which any part of the road passes, even though the company has no depot, business station, or agent located within such county. It is not to be assumed the legislature intended or expected any such consequence to result from the adoption of this amendment.

We are of opinion that neither of the two amendments we have had under consideration can be construed to enlarge the operations of section 474, and therefore in order to determine where it is that a defendant corporation may be summoned in such an action as this, we must look to sections 77 and 101. If the corporation be, as it is in this case, a railroad company created by the laws of this state, and the action be pending in the county in which it has its principal office or place of business, the summons may be served upon its president, if found in the county, and if not, then upon its cashier, treasurer,

secretary, clerk, or managing agent, or its depot agent located nearest to the county seat, and if it be pending in the county in which its president or chief officer resides, then the summons must be served within said county, on such president or chief officer. The appellee has not been summoned in either of the modes indicated, and can not be so summoned in Franklin County. The circuit court, therefore, properly decided that it had no jurisdiction of the cause, and properly dismissed appellant's petition.

Judgment affirmed.