CASE 74.—ACTION BY L. L. PARKS and ANOTHER AGAINST
        THE O. K. JELLICO COAL COMPANY and ANOTHER
        —February 10, 1910.

## Parks, &c. v. O. K. Jellico Coal Co., &c.

Appeal from Laurel Circuit Court.

WILLIAM LEWIS, Circuit Judge.

From a judgment dismissing the petition plaintiffs appeal.—Reversed.

Execution—Supplementary Proceedings—Jurisdiction—County in
    Which Judgment was Rendered.—Since, under Civil Code
    Prac. sec. 70, requiring an action upon a return of "no prop-
    erty found," pursuant to section 439, to be brought in the
    county in which the judgment is rendered, or in which defend-
    ant resides or is summoned, such action may be brought in
    the county where the judgment was rendered, an action may
    be brought, under section 439, permitting plaintiff, upon re-
    turn of execution unsatisfied, to institute an equitable action
    for a discovery of any money, etc., to which defendant is en-
    titled, and make persons indebted to him defendants therein,
    in the county in which the judgment was rendered, and a
    debtor of the judgment debtor made a party thereto, though
    both he and the judgment debtor reside in another county.

L. L. PARKS, SAM C. HARDIN and GEO. G. BROCK for appellants.

W. L. BROWN for appellee Norton.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

L. L. and L. M. Parks recovered a judgment in the Laurel circuit court against the O. K. Jellico Coal Company for $4,500. Upon this judgment execution

was issued and placed in the hands of the sheriff, who returned it indorsed "No property found." Thereupon said L. L. and L. M. Parks filed suit in the Laurel circuit court against the O. K. Jellico Coal Company and George C. Norton, residents of the city of Louisville. Summons was issued by the clerk of the Laurel circuit court, directed to the sheriff of Jefferson county, and was executed by him on George C. Norton, and on W. E. Grant as president of the O. K. Jellico Coal Company. Norton was proceeded against on the theory that he was indebted to his co-defendant; and plaintiffs sought, in this proceeding, to require him to pay them the money which was due said company by him as a balance on stock which he had taken in the company. The defendants first moved to quash the summons and return thereon. This motion being overruled, demurrers were filed to the jurisdiction of the court, and, these being overruled, they pleaded to the jurisdiction and to the merits. Upon final submission, the court held that the defendants were not before the court, sustained the special demurrer to the jurisdiction, and dismissed the petition. From this ruling the plaintiffs appeal.

The only question is whether or not this action might be instituted in the Laurel circuit court when both of the parties proceeded against live in Jefferson county. In the case of McDormant v. L. C. & L. R. R. Co., 11 Bush, 386, this court said: "The provisions of section 474 show that actions to enforce the satisfaction of judgments were not intended to be governed by the rules by which the jurisdiction of actions in general is to be determined. Such actions are local to the extent that they may be instituted in the court from which the execution issued or in the

court of the county in which the defendant may reside, and they are transitory to the extent that they may be instituted in any county in which the defendant can be served with process." Section 474 of the Code in force when that opinion was written is the same as section 70 of the present Code, although in section 70 of the present Code the words "county in which the judgment is rendered" are substituted for the words "in the court from which the execution issued" in the Code of 1854. These expressions, however, are one and the same, for the execution could not issue from any county other than that in which the judgment was rendered.

It will be observed that, under section 70, the plaintiff has the right to bring his action in any one of three places, either in the county where the judgment is rendered, or in the county where the defendant resides or may be summoned. The election is his, not that of the defendant. In the case at bar, the judgment was rendered in Laurel county, and plaintiff had an unquestioned right to proceed in that county. Being given the right to proceed in Laurel county, it was proper that summons should issue to the county of defendant's residence, as was done. Being fully justified and authorized by section 70 to proceed against the O. K. Jellico Coal Company in Laurel county, although summoned in Jefferson county, section 439 authorized plaintiff to make party defendant to such suit any one indebted to the defendant, and hence Norton may not complain that he is made party defendant to the suit in Laurel county any more than he could if the defendant coal company had been a resident of and summoned in Laurel rather than Jefferson county. The court

erred in holding that the Laurel circuit court did not have jurisdiction.

Judgment reversed, and cause remanded for further proceedings consistent herewith.