ROBINSON *v.* CITIZENS' BANK OF PETTIGREW.

Opinion delivered June 17, 1918.

1.  EQUITY—SETTING ASIDE DECREE.—The chancery court loses control of a decree with the ending of the term at which it was rendered, and could not vacate it at a subsequent term except on the grounds specified by Kirby's Dig., § § 4431-4437.

2.  APPEAL AND ERROR—APPEALABLE JUDGMENT—ORDER SETTING ASIDE DECREE.—A decree in chancery vacating a decree rendered at a previous term was final and appealable.

3.  EQUITY—DECREE—VARIANCE.—A decree canceling a mortgage as a cloud upon title was responsive to allegations and prayer of the complaint where the complaint stated that the mortgage debt had been paid, and the prayer was that the mortgage be canceled, although it was doubtful whether the complaint sought a discovery of property subject to execution, under Kirby's Dig., § 3308 *et seq.*, or a cancellation of the mortgage.

4.  PROCESS—SUFFICIENCY OF SUMMONS.—Where a summons was directed to the sheriff, commanding him to summon the defendant named therein to answer the complaint filed, under penalty of being confessed, it was sufficient, under Kirby's Dig., § 6034, to put the defendant on notice of the charges made in the complaint, although it contained inappropriate recitals in the nature of interrogations which might properly have been propounded in the complaint.

5.   APPEAL AND ERROR—AMENDMENTS REGARDED AS MADE.—Where a
     writ of summons, in addition to the statutory requirements, con-
     tained matter of surplusage, the court below could have amended
     the writ by striking out such superfluous matter, and on appeal
     on collateral attack the record will be treated as if the amend-
     ment had been made.

6.   EQUITY—PLEADING—INTERROGATORIES.—In an action to cancel a
     mortgage on the ground that it had been satisfied, interrogatories
     as to the property in the hands of the mortgagee belonging to the
     mortgagor and as to what amount had been received in payment
     of the mortgage debt were properly propounded in the complaint
     under Kirby's Dig., § 6154, relating to interrogatories.

7.   JUDGMENT—SETTING ASIDE DECREE—FRAUD.—The fact that defend-
     ant misconceived the purpose of a summons in a former action
     and treated it as a garnishment and answered it as such did not
     constitute a fraud or casualty which would justify the court in
     setting aside a decree by default therein rendered against the
     plaintiff in the present action.

8.   APPEAL AND ERROR—PARTY IN INTEREST.—Where the complaint
     alleged that defendant purchased land at his own execution sale,
     but that the deed was made out to another, a statement in the
     answer that defendant was the purchaser at the execution sale
     and is the owner thereof, although not a direct denial of plaintiff's
     allegation, was sufficient to show that defendant had such an in-
     terest in the land as would warrant an appeal from an adverse
     decision.

Appeal from Johnson Chancery Court; *Jordan Sel-
lers,* Chancellor; reversed.

*G. O. Patterson,* for appellant.

1.   The summons served on defendant was sufficient
to support the decree rendered in the cause. 20 Enc. Pl.
& Pr., 1145; 163 U. S. 454; 40 Md. 210; 19 Ark. 253.

2.   It was amendable to conform to the complaint
and should be treated as amended if necessary. 32 Cyc.
534D; 71 Ill. 354; 8 Ind. 354; 5 *Id.* 192; Moor. 230; 7 Mo.
173; 14 Abb. Pr. 364; 1 Tex. 481; 40 Cent. Dig. 230.

3.   But if defective or insufficient the defect was
waived by defendant filing an answer.  The filing of the
answer was a general appearance.  95 Ark. 302; 2 Enc.
Pl. & Pr. 632, 646-9; 95 Ark. 615; 56 *Id.* 45.  The process
was good and duly served and defendant by appearing

and filing an answer waived all irregularities. It was error to cancel the decree.

*W. N. Ivie,* for appellee.

1. Appellant's abstract is wholly insufficient. 200 S. W. 132.

2. The appellant is not properly in court. The complaint was filed in Johnson county and the summons was to Madison county. Our statutes specifically prescribe the method and manner of proceedings by discovery to enforce execution. K. & C. Dig. §§ 3622, 3624, etc.

3. The summons was not amended and not so treated and the decree was void. The statutes were not complied with. The summons was only in the nature of a writ of garnishment and the decree cancelling the security was void.

McCULLOCH, C. J. Appellant Robinson obtained judgment against one Stewart before a justice of the peace of Johnson County, Arkansas, for the recovery of a certain sum of money, and, after filing a transcript of the judgment in the office of the clerk of the circuit court in accordance with the statute so as to make it a judgment of the circuit court, he instituted an action in the chancery court of that county against Stewart and appellee Citizens' Bank of Pettigrew to cancel a certain mortgage which had been executed by Stewart to appellee on lands in Johnson County owned by Stewart. Appellee is a domestic corporation domiciled in Madison County, and process was served on it in that county. The chancery court of Johnson County rendered a final decree in that action on November 5, 1914, in accordance with the prayer of the complaint, cancelling the mortgage on the ground that the same had been fully paid and discharged. Subsequent to the rendition of the decree, appellant sued out a writ of execution on the judgment from the office of the clerk of the circuit court and caused the land to be sold under the execution. The mortgage of Stewart to appellee embraced certain lands in Madison

County in addition to the lands in controversy situated in Johnson County, and in the year 1915 appellee instituted suit in the chancery court of Madison County against Stewart to foreclose the mortgage. A decree was rendered in that cause directing foreclosure sale by a commissioner of the court, and appellee purchased the Johnson County lands at the sale.

The present action is one instituted in the chancery court of Johnson County by appellee to set aside the former decree in appellant's favor cancelling the mortgage. Appellant and J. N. Sarber were joined as defendants, it being alleged in the complaint that Sarber had purchased the lands at a void tax sale, and the prayer of the complaint is, not only to set aside the judgment in appellant's favor, but to cancel the tax sale under which Sarber asserted title and to quiet appellee's title to the land under its purchase at the foreclosure sale. On the final hearing of the cause, the court rendered a decree cancelling the tax sale to Sarber and setting aside the former decree of the court cancelling appellee's mortgage. Sarber has not appealed, and this appeal is prosecuted solely by Robinson.

An attack is made upon the sufficiency of appellant's abstract, but we find that enough of the record has been presented in the abstract to enable us to discover the material proceedings.

The branch of the case which affects the interest of appellant Robinson was tried on the record of the former proceedings in which the decree sought to be set aside was rendered, and it is evident that the court based its conclusion in the present case entirely upon the insufficiency of the writ served on appellee in the former case. The complaint in that case set forth the facts concerning appellant's claim against Stewart and his judgment and alleged that Stewart was the owner of the land and executed the mortgage in question to appellee which had been fully discharged and satisfied, but that appellee as the holder of the mortgage was still hold-

ing it "solely for the purposes of hindering and defeating the creditors of said defendant, Stewart, including plaintiff in the collection of their debt against him." The prayer of the complaint was that the Citizens' Bank of Pettigrew be required "to appear and answer herein what sums or sum, chattels or property, belonging to defendant, Stewart, which it has in its hands or possession, and what sum or amount if any is yet due under the mortgage above described, and that it be required to pay or deliver into court any property of said defendant in its possession to satisfy and discharge the record of said mortgage."

The writ issued in that case and served on appellee is as follows:

"State of Arkansas, to the Sheriff of Madison County: You are commanded to summons the Citizens' Bank of Pettigrew to answer in twenty days after the service of this summons upon it, a complaint in equity filed against it in the Johnson Chancery Court by A. L. Robinson for the purpose of discovery and it is required to answer upon oath what property, money, credit, chattels or effects belonging to J. T. Stewart or in which he may have an interest, it holds or has in its possession or what sums or sum, if any, it is indebted to the said J. T. Stewart and for the purpose of fixing a lien upon any such money, credit, chattels and effects or indebtedness in favor of A. L. Robinson for the purpose of satisfying an indebtedness due by the said J. T. Stewart to the said A. L. Robinson and warn it upon its failure to answer the complaint will be taken for confessed."

Appellee made no appearance in that cause except to file the following answer, which appears to be an answer as garnishee:

"State of Arkansas
"County of Madison.

"To the Hon. Chancery Court of Johnson County:

"The Citizens' Bank, by Chas. E. Crawford, President, on oath states that J. T. Stewart has neither

money, chattels, or anything to his credit, in this bank, but to the contrary owes this bank sums that he is not able to pay at this time.

"Citizens' Bank,

Chas. Crawford, President."

The court lost control over the former decree with the ending of the term at which it was rendered and could not vacate the decree at a subsequent term except on the grounds specified by statute. Kirby's Digest, secs. 4431-4437. The subsequent decree of the court vacating the former decree was final and in that sense an appealable one. *Ayers* v. *Anderson-Tully Co.*, 89 Ark. 160.

The allegations of the complaint in the former proceedings were unskillfully drawn and are to some extent ambiguous so that it is difficult to determine whether the real intention of the pleader was to set forth a cause of action for discovery of the property to be subjected to execution under Kirby's Digest, sec. 3308 *et seq.*, or whether it was a bill to cancel the mortgage containing interrogatories propounded by the plaintiff in the case to be answered by the mortgagee. The complaint, however, contained a distinct and unqualified statement that the mortgage debt had been paid and the mortgage discharged, but that the mortgagee was still holding the security for the purpose of cheating and defrauding creditors of the mortgagor, and the prayer of the complaint was that the mortgage be cancelled as an impediment against the subjection of the real estate described therein to the satisfaction of appellant's judgment. The decree was, therefore, responsive to the allegations and prayer of the complaint.

The summons was also inartificially drawn and was ambiguous, but it contained all the language required by statute to be embraced in a summons. The statute (Kirby's Digest, sec. 6034) provides that original process "shall be directed to the sheriff of the county and command him to summon the defendant or defendants named

therein to answer the complaint filed by the plaintiff, giving his name, at the time stated therein, under the penalty of the complaint being taken for confessed,'' and the writ served on appellee contained all this.   There is no requirement in the statute that the nature of the cause of action must be stated in the writ.

The other recitals of the writ requiring appellee to answer upon oath what property it had belonging to its co-defendant, Stewart, was responsive to the allegations of the complaint asking that the appellant be required to make disclosure of what property it had in its hands belonging to Stewart and what amount had been received in payment of the mortgage debt.   Those allegations were in the nature of interrogatories which appellant had a right to propound in his complaint in accordance with the terms of the statute.   Kirby's Digest, sec. 6154.   But, even if those recitals in the writ were inappropriate under the pleadings, they might be treated as surplusage, as the writ was subject to amendment under orders of the court.   The writ contained, as before stated, all the recitals required by statute and was sufficient to put appellee, as a defendant in the cause, upon notice of the charges made in the complaint.   The court could have amended the writ, and upon collateral attack we must treat the record as if such an amendment had been made. *McNutt, Admx.* v. *State,* 48 Ark. 30; *Lowenstein* v. *Gaines,* 64 Ark. 499.

The fact that appellee misconceived the purpose of the writ and treated it merely as a garnishment and answered it as such, does not of itself constitute fraud or casualty which would justify the court in setting aside the decree.   It was appellee's duty to take notice of all the allegations of the complaint and was in default in failing to answer those allegations.   It could not suffer the decree to go against it and afterwards ask that the decree be vacated.

It is finally contended by counsel for appellee that appellant is not prejudiced by the decree and can not ap-

peal for the reason that the complaint alleges that appellant purchased the land at his own execution sale, but that the deed was made by the sheriff to Sarber. It is true that the answer contains no direct denial of that allegation, but the answer does contain a statement that appellant and George Patterson were the purchasers of the land at the execution sale and are the present owners thereof. No proof was introduced at all on that issue and there was no allegation in the complaint concerning the method by which Sarber acquired the rights of appellant under the purchase at the execution sale. It is manifest, therefore, that under the pleadings a decree vacating the former judgment of the court directly affects appellant's interests, and he is entitled to appeal from it.

The decree to that extent was erroneous and the same is reversed and the cause is remanded with directions to dismiss the complaint to the extent that it seeks to vacate the former decree.