N. M. URI & COMPANY *v.* McCROSKEY.

Opinion delivered October 7, 1918.

1. EQUITABLE GARNISHMENT—PRIORITY OF LIEN.—While a judgment creditor, under Kirby's Digest, § 3308, may establish a lien upon the property of an apparently insolvent debtor in the hands of a third party by instituting equitable proceedings to subject the property to the payment of his claim, which lien shall exist from the service of the summons, neither that section nor the subsequent sections can give the judgment creditor a prior lien on said property over an existing lien or equity in favor of a third person not made a party to the suit.

2. SET-OFF AND COUNTERCLAIM—PRIORITY OF RIGHT.—One who purchased a stock of goods without complying with the bulk sales law and is compelled to pay the outstanding indebtedness of his vendor's business, has an equitable right, when sued upon the purchase notes, to counterclaim or set-off his damages resulting from the enforced payment of the vendor's debts against the vendor or his assignee not a *bona fide* purchaser of such notes, and such right is prior to the lien of a judgment creditor of the vendor obtained by instituting equitable proceedings under Kirby's Digest, § 3308.

Appeal from Chicot Chancery Court; *Z. T. Wood,* Chancellor; affirmed.

*Benjamin F. Washer* and *William Kirten,* for appellant.

1. Appellant complied strictly with the statute and followed the remedy laid down by the law. K. & C. Dig., § § 6322, 3625, 3985.

2. Appellant had the paramount lien and should have the preference as a judgment creditor. K. & C. Dig.,

§ 3985. McCroskey had no valid cause of action. A judgment will not be vacated on motion or complaint until it is adjudged that there is a valid defense.   129 Ark. 136; 84 *Id.* 527; 94 *Id.* 348.   It was error to set aside the decree of July 3, 1917.   We had a right to prior lien as against the judgment of McCrosky and himself as a creditor of Bowden.   103 Ark. 105; 90 *Id.* 240; 12 Cyc. 64, F. & note.   See also 6 Ark. 391; 18 *Id.* 249; 40 *Id.* 531.

*Hammock & Crenshaw*, for appellee.

1.   Appellee was not a party to the suit and not affected by the decree rendered for appellant. He had no notice.   19 Ark. 574; 23 Cyc. 683.

2.   The decree rendered at appellant's instance should have been in accordance with the statute and have created a lien only on the assets of Bowden in possession of the bank at the date of the decree.

3.   Appellant relies on strict compliance with K. & C. Dig., § 6322.   Appellee was one of the persons owing defendant in execution.   Appellee should have been made a party.   Kirby's Dig., § 6238.

4.   Appellant was not entitled to preference. Kirby's Dig., § 6238; 80 Ark. 183.

5.   The decree rendered on appellee's interplea is justified; he was a creditor and had the right to attack collaterally the decree rendered at appellant's instance, as he was not a party to the action nor in privity.   23· Cyc. 1068-9.

6.   The Bulk Sales Law does not affect appellee's rights.   He properly came into court to assert his rights and no specific form need be followed.   26 Ark. 228.

7.   The cases cited by appellant are not in point. Appellee is not a general creditor of Bowden but he has the right of set-off and has an equitable defense to Bowden's chose in action and that defense existed long prior to appellant's rights in garnishment.   The decree of February 23, 1918, is just and equitable to all parties and the finding of the chancellor is in accord with the principles of equity.

HUMPHREYS, J.   A. T. Bowden sold a confectionary and billiard hall to appellee, C. H. McCroskey. The Bulk Sales Law was not complied with in making the sale, and Bowden's creditors required appellee to pay the outstanding mercantile indebtedness of said businesses. Appellee brought suit against Bowden to recover the amount he was required to pay on this account and recovered judgment in the common pleas court of Chicot County on the 23rd day of July, 1917, against A. T. Bowden for $656.47. In making the purchases aforesaid, appellee had executed notes to A. T. Bowden in payment of a part of the purchase price for the businesses. These notes, with other securities belonging to Bowden and his wife, were transferred by them before maturity to the Exchange Bank & Trust Company to secure certain indebtednesses that they owed the bank.

Appellant was a general creditor of A. T. Bowden prior to September 1, 1915, and on that date recovered a judgment in the common pleas court of Chicot County against appellant and issued an execution thereon which was returned *nulla bona.*

The Exchange Bank & Trust Company instituted suit in the Chicot Chancery Court to foreclose its mortgages and subject its collaterals to liquidate the indebtedness due it by the Bowdens. Appellant intervened in this suit, setting up its judgment of date September 1, 1915, seeking a discovery of any money, choses in action, equitable or legal interest and all other property to which the Bowdens were entitled in the hands of said bank. The proceeding followed by appellant is founded on section 3308 of Kirby's Digest. On July 23, 1917, the court rendered a judgment in favor of the bank, subjecting the mortgaged property and collaterals to the payment of the bank's indebtedness, but declared a lien on the equity of Bowden in all of said property in favor of appellant in so far as it was necessary to pay Bowden's indebtedness to appellant on the judgment obtained by appellant against Bowden. Appellee was not a party to this suit, and no appeal was prosecuted therefrom. After the ren-

dition of that judgment and before the equity in the securities belonging to Bowden had been subjected to the payment of appellant's judgment, appellee filed an interplea by consent of all the parties in the original suit, seeking to offset his judgment obtained in the common pleas court against the purchase money notes for the confectionary and pool businesses which Bowden had assigned to the bank as collateral security; and asking that the judgment of date July 3, 1917, be modified so as to allow his judgment as an equitable offset against the notes in question. Appellant later filed a motion to strike the intervention of appellee. The court heard the case and allowed appellee's judgment in the sum of $656.47 as an equitable credit on the purchase money notes. The effect of this modification of the original decree was to render appellee's judgment a paramount claim to that of appellant's judgment on Bowden's equity in the purchase money notes. To this appellant objected, and has prosecuted an appeal to this court.

It is insisted by appellant that it acquired a lien on Bowden's equity in the purchase money notes paramount to appellee's claim of offset thereto by having followed strictly the proceedings under section 3308 of Kirby's Digest and in prosecuting its claim to final judgment rendered on the 3rd day of July, 1917. It is true, under section 3308 of Kirby's Digest, that a judgment creditor may establish a lien upon the property of an apparently insolvent judgment debtor in the hands of a third party by instituting equitable proceedings to subject the property to the payment of his claim, which lien shall exist from the service of the summons. There is nothing, however, in this or subsequent sections that gives a judgment creditor a paramount or prior lien on said property to an existing lien or equity in favor of a third person, so the effect of proceeding under this and subsequent sections can not impair an existing equity or lien. Especially is this true when the owner of such an existing equity was not made a party to the suit and has not had an opportunity to protect his equity. A proceeding under this

section can not have the effect of placing the judgment creditor in the situation of an innocent purchaser. The bank, of course, was an innocent purchaser of the purchase money notes for the confectionary and pool businesses which it acquired from Bowden before maturity and for value. This proceeding did not have the effect of subrogating appellant to the rights of the bank. It only acquired by the proceeding such equity in the notes as Bowden had. In Bowden's hands, appellee McCroskey had the equitable right, if sued upon the notes, to counterclaim or offset his damages resulting from the enforced payment of Bowden's indebtedness for goods purchased in the pool and confectionary businesses. Or, putting the converse proposition, appellee had a right to sue Bowden on his warranty that the goods sold were free from indebtedness and liquidate the notes to the extent of the amount recovered. The impounding of the notes by appellant amounted to a taking of them and an establishment of a lien on them subject to any original rights or equities existing in any third party concerning them. If appellant and appellee had been on a parity, appellant's contention would necessarily prevail, because it would then have acquired the first lien by proceeding under section 3308 of Kirby's Digest. In that event, it would have been a race between general creditors, and the diligent would have been rewarded, but they were not on a parity. Appellee had an original or inherent equity to offset his damages against the particular notes in question before they were seized by appellant. This being the case, the holder of an original or inherent equity in the property has the prior and paramount lien.

It is said, however, that appellee was forced to pay Bowden's indebtedness through his own fault by omitting to comply with the Bulk Sales Law. Bowden could not be heard to make such a defense, and appellant's right acquired by a seizure of the paper can rise to no higher plane than Bowden's rights.

No error appearing in the decree, it is affirmed.