RALEY *v.* MITCHELL.

4-5141

Opinion delivered July 4, 1938.

*Ras Priest,* for appellant.

*Fred M. Pickens,* for appellees.

MEHAFFY, J. The appellant, on February 6, 1936, recovered in the Jackson circuit court a judgment against appellee, Albert Mitchell, in the sum of $75 damages for assault and battery.

On November 26, 1937, appellant caused an execution to issue against Mitchell and, at the time the execution was served, Mitchell informed the sheriff that he owned only about 200 bushels of corn, some livestock, a tractor and other personal property incidental to farming on a small scale, all of which was subject to a mortgage for a small amount to appellee, Newport Production Credit Association. Investigation was made, and these statements were found to be true, and the sheriff advised to return the execution unsatisfied, which was done on January 18, 1938.

It is alleged that Mitchell's sister, appellee Ruediger, purchased or paid and procured an assignment of Mitchell's indebtedness in the sum of $16.79 to her; the mortgage, however, was not assigned. The return of the sheriff shows that he found certain personal property, but that it was subject to mortgage.

Suit was thereafter brought in the chancery court alleging the above facts, and alleging that the assignment of the indebtedness to Lillian Ruediger was for the fraudulent purpose of keeping said mortgage alive and aiding her brother, Albert Mitchell, in cheating, hindering and delaying appellant in the collection of his de-

mands; that no assignment appeared upon the mortgage in the office of the recorder, or upon the records; that the Newport Production Credit Association probably had no interest in the property described. Appellant prayed that summons issue for each of the appellees and that they be required to answer under oath for a sale of the property.

A copy of the judgment in the Jackson circuit court in the case of C. O. Raley v. Albert Mitchell was attached as an exhibit to the complaint; also copy of the chattel mortgage.

Appellees, Albert Mitchell and Lillian Ruediger, filed demurrer to the complaint, alleging that the complaint did not state facts sufficient to constitute a cause of action, and that the court was without jurisdiction. The court sustained the demurrer, dismissed appellant's complaint, and granted an appeal to this court.

Appellees contend that the complaint did not state facts sufficient to constitute a cause of action and that the chancery court had no jurisdiction because the suit was brought under § 5378 of Pope's Digest. That section reads as follows:

"After an execution of *fieri facias,* directed to the county in which the judgment was rendered, or to the county of the defendant's residence, is returned by the proper officer, either as to the whole or part thereof, in substance, no property found to satisfy the same, the plaintiff in the execution may institute an action, by equitable proceedings, in the court 'from which the execution issues, or in the court of any county in which the defendant resides or is summoned, for the discovery of any money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the same to the satisfaction of the judgment; and in such actions persons indebted to the defendant in the execution, or holding the money or property in which he has an interest, or holding the evidence or securities for the same, may be also made defendants.''

The return of the sheriff was defective, but might have been amended, and the section above quoted provides that the return should show in substance no prop-

erty found to satisfy the same. There was no property found to satisfy the same.

Section 9447 of Pope's Digest reads as follows: "In the absence of stipulation to the contrary, the mortgagee of personal property shall have the legal title thereto and the right of possession."

If the facts stated in the complaint are true, the legal title to the property which the sheriff found was in the appellee, Newport Production Credit Association. The demurrer admits the facts to be true. Since the facts reported by the sheriff, which should have been stated in the return, show that no property was found to satisfy the execution, there was a substantial compliance with the statute.

Section 5297 of Pope's Digest reads as follows: "Upon the execution being returned by the officer that he had levied the same upon the property in which the debtor was joint owner or partner, and that the same was claimed by the other joint owners or partners, the execution-creditor may proceed by equitable proceedings to subject, to the satisfaction of his execution the interest of the debtor so levied upon."

The sheriff in the instant case reported that he had found certain property, but other parties claimed to be the owners by reason of a mortgage, and under the section last quoted, the appellant had a right to proceed in the chancery court.

This court said in the recent case of *Morgan Utilities, Inc.,* v. *Perry County,* 183 Ark. 542, 37 S. W. 2d 74: "It is clear that the intention of the pleader was to state a cause of action for discovery under § 4366 of Crawford & Moses' Digest (now § 5378 of Pope's Digest). It contains a distinct statement of the nature of the claim sought to be enforced and alleged that it had exhausted its remedies at law to enforce the same and that the assets of S. R. Morgan were fraudulently concealed in the name of the appellants for the purpose of hindering the appellee in the collection of its debt, the prayer being for a discovery of the assets and that they be subjected, or so much thereof as necessary, to the payment of appellee's judgment.

This constituted a cause of action under the section *supra."*

The complaint in the instant case stated facts sufficient to constitute a cause of action, and the chancery court had jurisdiction.

The decree of the chancery court is reversed, and the cause remanded with directions to overrule the demurrer and to proceed with the trial of the case according to law, and not inconsistent with this opinion.