RITCHIE GROCER COMPANY *v.* ARNOLD.

4-9397                                    236 S. W. 2d 718

Opinion delivered February 26, 1951.

*Bernard Whetstone,* for appellant.

*Ovid T. Switzer* and *W. P. Switzer,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, Ritchie Grocer Co., obtained a personal judgment against Frank C. Arnold and wife in the circuit court of Ashley County on October 18, 1949. Subsequently two successive executions were issued on said judgment directed to the sheriff of Ashley County and returned *nulla bona.*

On July 8, 1950, appellant brought the instant suit in the Union Chancery Court against the Arnolds, John Titus, John D. McClain and Universal C. I. T. Credit Corporation, hereinafter called Universal. After setting out the proceedings against the Arnolds in the Ashley Circuit Court, the complaint alleges that Frank C. Arnold on March 6, 1950, traded his 1939 model automobile to John Titus for a 1950 model truck, receiving a credit of $406.31 for the old car on the trade; that Titus traded the old car to John D. McClain; that a title retaining contract to secure payment of the balance of the purchase price of the truck was assigned by Titus to Universal, a corporation with one of its principal offices in Union County; that all defendants except Universal were residents of Ashley County; that appellant had no adequate remedy at law and was entitled to the assistance of the Union Chancery Court in the satisfaction of its judgment against Frank C. Arnold and wife. The complaint prayed for attachment and sale of the 1950 model

truck, and that Titus and McClain be required to account to appellant for conversion of the 1939 model car.

Summons issued out of the Union Chancery Court, directed to the sheriff of Union County, was served on the agent in charge of Universal's place of business in Union County. Summons directed to the sheriff of Ashley County was served on each of the other defendants in Ashley County. A writ was also served on Frank C. Arnold by the Ashley County sheriff attaching the 1950 model truck.

On July 18, 1950, all of the defendants except Universal appeared specially and filed a motion to quash the service of process had upon them in the suit. The motion was heard upon the complaint, attachment and summons with the returns thereon. This appeal challenges the correctness of the chancellor's action in sustaining the motion, dissolving the attachment and dismissing the suit.

Appellant concedes that the present suit was maintainable in Ashley Chancery Court under our holding in *Morgan Utilities, Inc.* v. *Perry Co.*, 183 Ark. 542, 37 S. W. 2d 74, but asserts that venue also lies in Union Chancery, since Universal was served with process in Union County.

The instant proceeding is one for discovery in aid of execution under the provisions of Ark. Stats., § 30-901, which provides: "After an execution of *fieri facias* directed to the county in which the judgment was rendered, or to the county of the defendant's residence, is returned by the proper officer, either as to the whole or part thereof, in substance, no property found to satisfy the same, the plaintiff in the execution may institute an action, by equitable proceedings, in the court from which the execution issued, or in the court of any county in which the defendant resides, or is summoned, for the discovery of any money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the same to the satisfaction of the judgment; and in such actions, persons indebted to

the defendant in the execution, or holding the money or property, in which he has an interest, or holding the evidences or securities for the same, may be also made defendants.''.

In *Morgan Utilities, Inc.* v. *Perry County, supra,* plaintiffs instituted suit in the Perry Chancery Court to enforce a judgment and execution issued out of the circuit court of Perry County. Some of the judgment debtors resided in Perry County and others in Pulaski County and each was served with summons in the discovery suit in the county of his residence. The Pulaski County defendants contended that the suit had not been brought ''in the court from which the execution issued'' and that, since said defendants were not residents of, or summoned in, Perry County, the court acquired no jurisdiction over them. This court traced the history of the statute pointing out that it was lifted out of the Kentucky Code and held that ''the court from which the execution issued'' referred to the circuit court as constituted both in Kentucky and Arkansas at the time of the adoption of the statute. After stating that the circuit court, as then constituted, was one of dual jurisdiction of both actions at law and suits in equity, the court said: ''It is not to be doubted that, as constituted at the time of the adoption of the Code, of which, as we have seen, § 4366, *supra,* is a part, where a judgment at law had been obtained and execution thereon issued from the law side, to maintain the action contemplated by the statute, the proceedings must have been instituted in chancery, for it was provided: 'The plaintiff in execution may institute an action by *equitable proceedings,*' which is in the nature of a creditor's bill 'for the discovery of any money, chose in action, equitable or legal interest, and all other property to which the defendant is entitled.' Therefore, the provision that the action might be brought 'in the court from which the execution issued' could not be taken in its literal sense and meant, and could only mean, that branch of the court having equity jurisdiction, to-wit, the chancery court whose presiding officer was the same individual sitting in law court. To

interpret the statute any other way would be to render it impotent.''

We think it is clear from the language of § 30-901 that proceedings for discovery against a third party. must be in connection with proceedings against the judgment debtor who is an indispensable party to the suit. It is also clear that ''the defendant'' designated in the language, ''or in the court of any county in which *the defendant* resides, or is summoned,'' has reference to the judgment debtor defendant. When a suit is instituted against the judgment debtor in the proper forum for discovery of his property then third persons indebted to him or holding property in which he has an interest may be made parties defendant. The record discloses that the judgment debtors, Frank C. Arnold and wife, were residents of Ashley County during the course of all the proceedings herein and were served with summons in Ashley County where the property sought to be attached was situated. Since the executions against the Arnolds did not issue from the Union Chancery Court and said judgment debtors were neither residents of, nor summoned in, Union County, it follows that the chancery court of Union County was wholly without jurisdiction of the instant suit. The chancellor correctly so held, and the decree is affirmed.